**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE SANTOS,** | : | **CIVIL ACTION NO. 1:08-CV-1589** |
| | : | |
| Petitioner, | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **RONNIE R. HOLT, WARDEN,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 (Doc. 1) filed by petitioner Jose Santos ("Santos"), requesting that

this court vacate his federal conviction for illegal reentry and consider his

deportation proceedings "moot and defunct." (Doc. 1, at 3.) Santos seeks to

proceed in forma pauperis. (Doc. 3.) For the reasons that follow, the application to

proceed in forma pauperis will be granted and the petition will be dismissed for

lack of jurisdiction.

## I.  Baclground

Santos, a citizen of Honduras, illegally entered the United States, married a

United States citizen, and took up residence in the State of Michigan. (Doc. 2, at

24.) In 1992, he was arrested and charged and eventually pled guilty in the State of

Michigan, Circuit Court for the County of Ionia, to the charge of Criminal Sexual

conduct in the First Degree. (Doc. 2, at 1.) He was sentenced to six years

imprisonment. (Id.). As a result of the conviction, on August 14, 1996, Santos was

ordered deported.   (Id. at 24.)  After service of his six-year term of imprisonment,

he was deported to Honduras.

However, in 1998, he reentered the United States.  (Doc. 2, at 9.)  In

November, 2005, he was again arrested in Michigan.  (Id. at 12.)  He pled guilty to

misdemeanor charges and was sentenced to 180 days imprisonment.  While

incarcerated, he was indicted in federal court on charges of illegal reentry in

violation of 8 U.S.C. § 1326(a), and was served with a "Notice of Intent/Decision to

Reinstate Prior [Deportation] Order."  (Id. at 2, 24.)  He pled guilty to illegal reentry

and was sentenced to a term of imprisonment of seventy-eight months.  (Id. at 2.)

He is presently serving that sentence with a projected statutory release date of

January 6, 2012.  (Id. at 21.)

On February 8, 2008, an order was entered in the State of Michigan in the

Circuit Court for the County of Ionia, reversing the 1992 conviction.  (Doc. 2, at 27-

28.)  Santos states that "[b]ecause the felony that [he] was deported over, as well as

is serving his present sentence for illegal reentry was reversed and expunged, he is

being wrongfully imprisoned.  His previous deportation should be considered Moot

and Defunct as well that my charges based on the reversed felony must also be

vacated." (Doc. 2, at 3.)  Based upon this new evidence, Santos filed a petition

pursuant to 28 U.S.C. § 2255 in the Western District of Michigan.  (Doc. 2, at 3; see

also Santos v. U.S., United States District Court for the Western District of

Michigan, Southern Division, docket number 1:07-CV-1236.)  Review of the Western

District of Michigan electronic docket sheet confirms that Santos has a § 2255

petition pending and that the matter has not yet been adjudicated.

## II.   **Discussion**

Challenges to the legality of federal convictions or sentences that are

allegedly in violation of the Constitution may generally be brought only in the

district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307

F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In

re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an

individual is prohibited from filing a second or subsequent 2255 petition unless the

request for relief is based on "newly discovered evidence" or a "new rule of

constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual

situations where the remedy by motion under § 2255 would be inadequate or

ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly,

§2255 is not "inadequate or ineffective" merely because the sentencing court has

previously denied relief.  See id. at 251.  Nor do legislative limitations, such as

statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings

render the remedy inadequate or ineffective so as to authorize pursuit of a habeas

corpus petition in this court.  Cradle v. U.S., 290 F.3d 536, 539 (3d Cir. 2002); United

States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a

petitioner improperly challenges a federal conviction or sentence under section

2241, the petition must be dismissed for lack of jurisdiction.  <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971).

Santos' claim falls squarely within the purview of § 2255 and he must await full adjudication of his § 2255 petition, which, as noted above, is presently pending in United States District Court for the Western District of Michigan.  He has made no showing that the remedy is inadequate or ineffective to test the legality of his conviction.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order follows.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:       September 5, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE SANTOS,** | : | **CIVIL ACTION NO. 1:08-CV-1589** |
| | : | |
| **Petitioner,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **RONNIE R. HOLT, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

## ORDER

AND NOW, this 5th day of September, 2008, upon consideration of the

petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED for purposes of the filing of the action.

2. The petition for writ of habeas corpus (Doc. 1) is  DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to CLOSE this case.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge